UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
IN RE:                                          :
                                                :
HOTI ENTERPRISES, L.P.                          :
                Debtor.              :
--------------------------------------------------------- :
HOTI ENTERPRISES, L.P.,                         :          **OPINION AND ORDER**
              Appellant,             :
                                                :          16 CV 2538 (VB)
v.                                              :
                                                :
ROBERT L. RATTET, JAMES B.                      :
GLUCKMAN, RATTET PASTERNAK, LLP                 :
<u>FKA</u> RATTET PASTERNAK & GORDON-            :
OLIVER, LLP                                     :
              Appellees.            :
---------------------------------------------------------x

<u>Briccetti, J.:</u>

       Appellant Hoti Enterprises, L.P. ("Hoti"), appeals from the order of the United States

Bankruptcy Court for the Southern District of New York (Drain, J.) granting the motion of

defendants-appellees Robert L. Rattet, James B. Glucksman (sued as James B. Gluckman), and

Rattet Pasternak, LLP f/k/a Rattet, Pasternak, & Gordon-Oliver, LLP ("RPGO" and, together

with Rattet and Glucksman, the "Rattet defendants") for an order dismissing the amended

complaint.

       For the reasons set forth below, the Bankruptcy Court's order is AFFIRMED

       The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

       Hoti was the owner of a 144-unit apartment complex in Brooklyn that was pledged as

collateral to secure a promissory note pursuant a first-lien mortgage loan agreement.

       Hoti defaulted on the mortgage in 2008, and on February 27, 2009, the purported

assignee under the mortgage documents, GECMC 2007-C1 Burnett Street, LLC ("GECMC"),

brought an action in state court to foreclose on the apartment complex, and sought appointment of a receiver.  The state court subsequently appointed a receiver to take possession and control of the apartment complex on March 16, 2009.

In March 2010, Hoti retained RPGO to assist it in an out of court restructuring with its creditors and to potentially commence a chapter 11 proceeding in bankruptcy court.  RPGO did not represent Hoti in connection with the state court foreclosure action.

On October 12, 2010, Hoti filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On October 22, 2010, GECMC moved for an order to excuse the state court appointed receiver from compliance with the turnover requirements of Section 543 of the Bankruptcy Code based on, inter alia, Hoti's default under the mortgage documents and alleged mismanagement of the apartment complex.  On November 5, 2010, GECMC also moved for an order lifting the automatic stay imposed by the chapter 11 proceeding, so it could continue to pursue the state court foreclosure action.  The Bankruptcy Court held a hearing on November 22, 2010, to consider GECMC's motions.  During that hearing, the Bankruptcy Court encouraged the parties to enter into a consensual cash collateral arrangement.  After the parties—including Hoti's principals—conferred off the record, they advised the Bankruptcy Court that they agreed in principal to the entry of a cash collateral stipulation.

On December 20, 2010, the Bankruptcy Court held a hearing, during which Hoti's principals were again present, to consider the draft cash collateral order the parties had submitted.  During that hearing, the Bankruptcy Court considered and rejected Hoti's argument that the cash collateral order should include a stipulation to allow Hoti, as opposed to the state court receiver, to manage the apartment complex.  On December 22, 2010, the Bankruptcy Court

entered an order approving the revised cash collateral stipulation the parties had submitted following the hearing.

The cash collateral order, effective <u>nunc pro tunc</u> to the petition date, allowed the state court appointed receiver to remain in possession and control of the apartment complex, and to use proceeds from the tenants' rent payments (<u>i.e.</u>, GECMC's "cash collateral").  The cash collateral order also included a ninety-day challenge period during which Hoti could bring an adversary proceeding contesting the validity, enforceability, and priority of the creditor's claim. If Hoti did not challenge the claim during the ninety-day period (which commenced on the petition date, October 12, 2010, and expired ninety days thereafter, on January 10, 2011), it would be deemed to have acknowledged that its creditor held a "perfected valid first priority secured claim . . . which is not subject to defense, counterclaim or off-set."  (A.R. at 434).[1]

On January 5, 2011, Hoti, by its counsel RPGO, filed an application for an order of the Bankruptcy Court authorizing Hoti to examine GECMC and a servicer of the mortgage loan pursuant to Bankruptcy Rule 2004.  On January 12, 2011, GECMC filed an objection to Hoti's application.

On January 18, 2011, RPGO filed a motion for an order permitting RPGO to be relieved as Hoti's counsel due to strained communications with Hoti, disagreement over a course of action, and difficulty obtaining information from Hoti.

That same day, the Bankruptcy Court lifted the automatic stay to permit GECMC to move forward with its foreclosure proceeding in state court.  Thereafter, GECMC simultaneously pursued the state court foreclosure action and confirmation of a chapter 11 plan that would transfer ownership of the apartment complex to GECMC.

---

[1]    "A.R." refers to the "joint record on appeal" Hoti filed as an appendix to its brief.  (Doc. #14).

On or around January 29, 2011, Hoti retained, subject to the approval of the Bankruptcy Court, Tanya Dwyer and Dwyer & Associates, LLC, as counsel in its chapter 11 proceeding and the state court foreclosure action.  On February 9, 2011, the Bankruptcy Court held a hearing on RPGO's motion to withdraw.  The Bankruptcy Court adjourned the hearing to allow Hoti to file an application to retain the Dwyer firm, which Hoti filed on February 12, 2011.  On February 14, 2011, the Bankruptcy Court granted RPGO's motion to withdraw, effective upon the retention of the Dwyer firm, "but in no event later than February 28, 2011."  (A.R. at 100).

On December 11, 2011, GECMC filed an initial chapter 11 plan of reorganization, disclosure statement, and motion for an order approving the disclosure statement.

On March 7, 2012, more than fourteen months after its entry, Hoti sought reconsideration of the cash collateral order under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60.  Hoti principally sought relief from the cash collateral order based on an alleged flaw in the chain of title of the underlying mortgage loan documents connecting GECMC to the original lender.

The Bankruptcy Court held a hearing on Hoti's motion, during which it rejected Hoti's argument that the cash collateral order was "abnormal" or improper, and ordered additional briefing on several issues.  (A.R. at 172, 174, 175, 219).  The Bankruptcy Court subsequently denied Hoti's requested relief on the grounds that (i) Hoti delayed more than the one-year period allowed under Rule 60(c)(1) in bringing its motion; (ii) the cash collateral order allowed for objections within a specified time period but Hoti did not make any; and (iii) GECMC had submitted supplemental documentation confirming it had corrected the alleged defect in the chain of title.

On appeal, both the District Court and Court of Appeals affirmed the Bankruptcy Court's denial of Hoti's Rule 9024 motion.  See Hoti Enters., L.P. v. GECMC 2007 C-1 Burnett Street, LLC, 549 Fed. App'x 43, 43-44 (2014) (summary order).

On April 4, 2012, the state court dismissed the foreclosure action based on its conclusion that the lender did not have standing to bring such action on the date that suit was commenced because it was not authorized to do business in the State of New York.  See GECMC 2007-C1 Burnett St., LLC v. Hoti Enters., LP, No. 5006/2009, slip op., at 2-3 (N.Y. Sup. Ct. Apr. 4, 2012).[2]

The Bankruptcy Court held hearings in May and June of 2012 to consider, inter alia, the second modified chapter 11 plan of reorganization proposed by GECMC and various objections made by Hoti.  The Bankruptcy Court also considered arguments from both GECMC and Hoti regarding whether the April 4, 2012, state court order affected confirmation of the plan.  During the hearing, Hoti's principals raised arguments that they were not aware of the cash collateral order, which the Bankruptcy Court expressly rejected.  (A.R. 787:7-10; 790:14-792:1).

After concluding the state court dismissal of the foreclosure action did not prevent it from confirming the plan, the Bankruptcy Court entered the confirmation order on June 19, 2012.  The Bankruptcy Court reasoned that the issue before the state court was whether GECMC had standing to seek foreclosure at the time of the commencement of the foreclosure proceeding in

---

[2]      The Appellate Division subsequently reversed the state court judgment.  GECMC 2007–C1 Burnett St., LLC v. Hoti Enters, L.P., 115 A.D.3d 642 (2d Dep't 2014).  The Appellate Division concluded Hoti was judicially estopped from denying GECMC had standing to bring the foreclosure action in light of Hoti having stipulated to the cash collateral order.  The Appellate Division also granted GECMC summary judgment because Hoti had failed to raise a triable issue of fact in opposition to GECMC's prima facie showing that Hoti was in default under the note and mortgage loan obligation.  Id. at 643.

2009, which was a distinct question from whether GECMC held a secured claim against the debtor at the time of plan confirmation.

The Bankruptcy Court's order confirming the third modified chapter 11 plan of reorganization was subsequently affirmed on appeal by this Court and the Court of Appeals.  <u>See In re Hoti Enters.</u>, 562 Fed. App'x 1 (2d Cir. 2014) (summary order).

On March 24, 2015, Hoti commenced an adversary proceeding in the Bankruptcy Court against twelve named defendants, all of whom are law firms or individual attorneys alleged to have represented Hoti at various points in its chapter 11 and foreclosure proceedings.  The amended complaint asserts causes of action against the Rattet defendants for legal malpractice, breach of fiduciary duty, and violation of New York Judiciary Law Section 487.  Hoti claims that because GECMC "was never properly in the chain of title" to the instruments underlying the mortgage loan, the Rattet defendants should not have advised Hoti to file for chapter 11 bankruptcy protection.  (A.R. at 62, 80–81).  In addition, Hoti claims the Rattet defendants agreed to entry of the cash collateral order without Hoti's consent and failed to challenge the mortgage loan documents, which caused Hoti to lose its right to challenge GECMC's claims.  (A.R. at 63, 65).

The Rattet defendants filed a motion to dismiss, arguing (i) by virtue of the confirmed plan, Hoti lacked standing to bring its claims; (ii) the amended complaint failed to state a claim for malpractice because, <u>inter alia</u>, Hoti cannot establish the Rattet defendants were the "but for" cause of its alleged damages; (iii) Hoti's breach of fiduciary duty claim is duplicative of its malpractice claim; and (iv) the amended complaint failed to state a claim for violation of Judiciary Law Section 487 because the allegations do not rise to the level of intentional and egregious misconduct at which the Judiciary Law is directed.

6

On February 18, 2016, the Bankruptcy Court dismissed all claims against the Rattet defendants, with prejudice, on the ground that Hoti lacked standing because the confirmed chapter 11 plan assigned such claims to GECMC.

**DISCUSSION**

I.     <u>Standard of Review</u>

Appellate courts review a bankruptcy court's decision to grant a motion to dismiss <u>de novo</u>.  <u>See</u> <u>e.g.</u>, <u>Conboy v. AT & T Corp.</u>, 241 F.3d 242, 246 (2d Cir. 2001).  Motions to dismiss complaints in adversarial proceedings brought in bankruptcy court are governed by Federal Rule of Civil Procedure 12(b)(6), which applies to the bankruptcy courts through Federal Rule of Bankruptcy Procedure 7012(b).

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id</u>. at 678.

In reviewing a Rule 12(b)(6) motion, a court may also consider exhibits attached to the complaint or incorporated by reference; matters of which judicial notice may be taken; and

documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

II.     Hoti Lacks Standing

The Bankruptcy Court properly concluded Hoti lacks standing to bring the causes of action alleged in the amended complaint.

"The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance.  This inquiry involves 'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'"  Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 48 (2d Cir. 2014) (quoting Kowalski v. Tesmer, 543 U.S. 125, 128–29 (2004)).  "The 'prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'"  Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 84 (2d Cir. 2014) (quoting Warth v. Seldin, 422 U.S. 490, 509 (1975)).  Plaintiffs generally must assert their own legal rights and interests, and may not rest their claims to relief on the legal rights or interests of third parties.  Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d at 84.

Section 4.2 of the confirmed plan provides in relevant part:

> GECMC shall be entitled to receive all rights, title, and interest in and to . . . (ii) all Non-Avoidance Causes of Action that the Debtors or the Estates may have against any Person . . . .  Such transfers shall be free and clear of any Liens, Claims, encumbrances, and other interests.[3]

---

[3]     As further explained in a footnote to Section 4.2 of the plan:

> The GECMC Mortgage grants a security interest in favor of GECMC in all of Hoti Enterprises' rights, title, and interest in and to, among other things, "claims" and "general intangibles."  In addition, under the Cash Collateral Order, GECMC was granted replacement liens on all assets of the Debtors.  Therefore, the Non-Avoidance Causes of Action constitute GECMC Collateral pursuant to the GECMC Mortgage and the Cash Collateral Order.

(A.R. at 116). "Debtors" are defined as Hoti and Hoti Realty Management Co., Inc.[4] (A.R. at 107). "Estate" is "the estate created in each Debtor's chapter 11 bankruptcy case containing all property and other interests of the applicable Debtor pursuant to Bankruptcy Code section 541." (A.R. at 108). "Person" is defined as "any individual, corporation, partnership, joint venture, association, limited liability company, joint stock company, trust, unincorporated organization, government or agency or political subdivision thereof or any other Entity." (A.R. at 6).

Section 1.2 of the confirmed plan provides the following broad definition of "Non-Avoidance Causes of Action":

> [A]ny and all claims, causes of action and enforceable rights of a Person against third parties, or assertable by a Person or on behalf of its creditors, its estate, or itself, whether brought in the Bankruptcy Court or any other forum for recovery or avoidance, that has not been settled or resolved as of the Effective Date, of, among other things: . . . (b) damages, general or statutory or exemplary (or all) or other relief, including but not limited to actions relating to or based upon – (i) indebtedness owing to a Person, (ii) fraud, negligence, gross negligence, willful injury or misconduct, acts or malice, or any other tort actions, including but not limited to defamation, malicious prosecution, or tortious interference with contract, (iii) breaches of contract, (iv) violations of federal or state securities laws, (v) violations of applicable corporate, limited liability company or partnership laws, (vi) breaches of fiduciary or agency duties, including, but not limited to, the duties of care and/or loyalty, (vii) recharacterization, (viii) illegal dividends, (ix) misrepresentations, (x) causes of action based on disregard of the corporate form or piercing the corporate veil or other liability theories, (xi) corporate waste, (xii) corporate opportunity, (xiii) any theory of recovery against a lending institution not otherwise released by the Plan, including any action or any action causing harm to a Person, (xiv) equitable or legal subordination, (xv) indemnity rights against third parties, or (xvi) any other action listed in Bankruptcy Rule 7001; and (c) damages or other relief based upon any other claim of a Person to the extent not specifically compromised or released pursuant to the Plan ((b) and (c) above).

(A.R. 106).

---

[4]    Hoti's chapter 11 proceeding was jointly administered with related entity Hoti Realty Management Co., Inc. under bankruptcy docket number 10-24129.

The causes of action alleged in Hoti's amended complaint fit squarely within the broad definition of "Non-Avoidance Causes of Action," which are assigned to GECMC by Section 4.2 of the plan.

As the Bankruptcy Court explained in its February 9, 2016, bench ruling granting the Rattet defendants' motion to dismiss:

> The plan was confirmed on notice. There were plenty of objections to the plan by [Hoti and its principals,] . . . but . . . there were no objections on the basis that the plan deprived [Hoti of its] malpractice claim. But even if there had been, those objections are now a dead letter because the plan and confirmation order are final. So the time to deal with the wrong you're talking about was at confirmation or succeeding on appeal, and that's passed.
>
> . . .
>
> So the debtor who argued that the plan shouldn't be confirmed because [GECMC] didn't have standing certainly could have read the plan. . . . They certainly had a basis to object to confirmation on the basis of [Section] 4.2 of the plan. They didn't. And the plan was confirmed and the order is a final order.
>
> [I]f you look at the definition in Section 1.12, it is extremely broad. . . . It says all claims, causes of action, enforceable rights . . . . So I think this is the kitchen sink.
>
> And Rattet wasn't [Hoti's] counsel at that time, so there was no reason for them not to raise this point.

(A.R. at 1182-83, 1186, 1187-88).

On appeal, Hoti argues the Bankruptcy Court erred in its holding because it failed to consider the timing of Hoti's alleged injury. Hoti claims that because the Rattet defendants entered into the cash collateral order without Hoti's consent and failed to investigate GECMC's claim after Hoti filed its petition for chapter 11 relief, causes of action flowing from such conduct belong to Hoti, and not the bankruptcy estate. See In re Holstein, 321 B.R. 229 (Bankr. N.D. Ill. 2005) (explaining that causes of action that have accrued as of the petition date are

property of the bankruptcy estate, while causes of action that accrue post-petition are "the

debtor's to pursue for his own benefit").

      This Court disagrees.

      First, Hoti has waived this argument on appeal because it was not raised in the

Bankruptcy Court.  See Hoti Enters., L.P. v. GECMC 2007 C-1 Burnett Street, LLC, 549 Fed.

App'x at 44; see also Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a

well-established general rule that an appellate court will not consider an issue raised for the first

time on appeal.") (internal quotation marks omitted).

      Second, notwithstanding Hoti's waiver of this argument on appeal, Section 4.2 of the

confirmed plan clearly assigns all "Non-Avoidance Causes of Action" of both Hoti—by virtue of

being a "Debtor"—and the bankruptcy estate to GECMC.

## CONCLUSION

      The Bankruptcy Court's February 18, 2016, order granting the Rattet defendants' motion

to dismiss the amended complaint is AFFIRMED.

      The Clerk is instructed to close this case.

Dated: March 31, 2017
     White Plains, NY

                  SO ORDERED:

                  Vincent L. Briccetti
                  United States District Judge